IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Americans for Immigrant Justice, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-00038-RMC |
| | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER**

Defendant U.S. Immigration and Customs Enforcement ("ICE"), by and through its undersigned counsel, hereby answer the Complaint for Injunctive Relief ("complaint") of plaintiff Americans for Immigrant Justice and answers the numbered paragraphs of the complaint as follows:

First Defense

The complaint fails to state a claim upon which relief can be granted.

Second Defense

Plaintiff is not entitled to compel the production of records that are exempt from disclosure under the Freedom of Information Act ("FOIA") or under other provisions of law.

1. This paragraph characterizes plaintiff's complaint and its claim for relief, to which no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiff is entitled to the relief described herein or to any other relief.

2. This paragraph consists of legal conclusions regarding jurisdiction and venue, which do not require a response.

1

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant denies that it is a department of the Executive Branch of the United States Government. Defendant avers that it is a component of the Department of Homeland Security, which is a department of the Executive Branch or the United States Government. The second sentence is a legal conclusion to which no response is required.

5. Defendant admits that a magnitude 7.0 earthquake struck Haiti on January 12, 2010. Defendant admits the second sentence. Defendant denies the third sentence except to admit that certain removals were suspended pursuant to the Temporary Protected Status designation discussed in paragraph six. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence.

6. Defendant denies except to admit that on January 15, 2010, U.S. Department of Homeland Security Secretary Janet Napolitano announced the designation of Temporary Protected Status ("TPS") for Haitian nationals who were in the United States as of January 12, 2010.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in this paragraph regarding the arrest or detention of Haitian nationals.

8. Defendant denies.

9. Defendant admits that pursuant to final orders of removal it conducted removals of certain Haitians to Haiti in January 2011 but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in this paragraph regarding removals to Haiti or the time and manner in which persons were detained.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations regarding removals to Haiti and of the actions of the individuals discussed in the paragraph.

12. Defendant admits the plaintiff submitted the FOIA request dated December 17, 2010 described in this paragraph. Defendant respectfully refers the Court to Exhibit A of the complaint for a full and accurate statement of its contents.

13. Defendant admits it submitted the letter dated January 25, 2011 that plaintiff describes in this paragraph but denies that it acknowledged receipt of plaintiff's request after a 20-business day period. The remainder of this paragraph characterizes the January 25, 2011 letter. Defendant respectfully refers the Court to Exhibit B of the complaint for a full and accurate statement of the document's contents.

14. Defendant admits the plaintiff submitted a response to ICE dated February 2, 2011. Defendant respectfully refers the Court to Exhibit C of the complaint for a full and accurate statement of the document's contents.

15. Defendant admits it submitted a letter dated February 15, 2011 to plaintiff. Defendant respectfully refers the Court to Exhibit D of the complaint for a full and accurate statement of the document's contents.

16. Defendant admits the plaintiff submitted to ICE a letter dated February 24, 2011. Defendant respectfully refers the Court to Exhibit E of the complaint for a full and accurate statement of the document's contents.

17. Defendant admits it submitted a letter dated March 16, 2011. The remainder of paragraph 17 is plaintiff's characterization of the document. Defendant respectfully refers the Court to Exhibit F of the complaint for a full and accurate statement of the document's contents.

18. Defendant admits the plaintiff submitted to ICE a letter dated May 11, 2011. The remaining sentences in paragraph 18 are plaintiff's characterization of the declaration of Susan Barciela. Defendant respectfully refers the Court to Exhibit G of the complaint for a full and accurate statement of the document's contents.

19. Defendant admits it submitted to plaintiff a letter dated June 24, 2011. The remainder of paragraph 19 is plaintiff's characterization of the document. Defendant respectfully refers the Court to Exhibit H of the complaint for a full and accurate statement of the document's contents.

20. This paragraph states a legal conclusion to which no response is required.

21. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(6)(A)(i), which do not require a response.

22. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(i), which do not require a response.

23. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(ii)(III), which do not require a response.

24. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(iii), which do not require a response.

25. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(iv), which do not require a response.

26. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(viii), which do not require a response.

27. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(vii), which do not require a response.

28. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(6)(C)(i), which do not require a response.

29. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(B), which do not require a response.

30. This paragraph consists of legal conclusions, which do not require a response.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(vii), which do not require a response.

33. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11, which do not require a response.

34. Defendant denies.

35. Defendant denies.

36. This paragraph consists of legal conclusions under 5 U.S.C. § 552(a)(3), which do not require a response. To the extent a response is required, defendant denies the allegations.

37. This paragraph consists of legal conclusions, which do not require a response. To the extent a response is required, defendant denies the allegations.

The remainder of plaintiff's complaint constitutes a prayer for relief, to which no response is required. To the extent a response is required, defendant denies that plaintiff is

entitled to the requested relief or to any relief whatsoever.  Each and every allegation of the complaint not expressly admitted in the above paragraphs is denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that Plaintiff's prayer for relief be denied, that this action be dismissed with prejudice and that judgment be entered in favor of defendant, and that defendant be awarded its costs and such other relief as may be appropriate.

DATED:  February 16, 2012                              Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/Thomas D. Zimpleman*
THOMAS D. ZIMPLEMAN
Illinois Bar No. 6298040
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20001
Tel:    (202) 514-3346
Fax:    (202) 616-8470
thomas.d.zimpleman@usdoj.gov

*Counsel for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2012, I electronically filed the Defendants' Answer with the Clerk of the Court using the CM/ECF system which will notify the following CM/ECF participants:

Larry P. Ellsworth
Jenner & Block LLP

Dated: February 16, 2012                     Respectfully submitted,

**s/Thomas D. Zimpleman**
THOMAS D. ZIMPLEMAN
(IL Bar No. 6298040)
Trial Attorney
U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-3346
E-mail: thomas.d.zimpleman@usdoj.gov